UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **RODNEY KINTE JENKINS,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0133 AS |
| | ) | |
| **CECIL DAVIS,** | ) | |
| | ) | |
| Respondent | ) | |

## *MEMORANDUM OPINION AND ORDER*

On or about March 3, 2005, *pro se* petitioner, Rodney Kinte Jenkins, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP) filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on June 8, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through I, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. He was the subject of a prisoner disciplinary proceeding in which he was found guilty for the use of any unauthorized substance. His sanction included an earned credit time deprivation of 90 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). These proceedings were in and around December 2005, according to the memorandum filed by the

Attorney General. Obviously that is a typographical error. It must be assumed from the next sentence that it was in or around December 2004. The case is designated as ISP 04-12-0072. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

It does not appear to this court that any of the claimed inadequacies here reach to a constitutional level. None would appear to be violations of the due process clause of the Fourteenth Amendment of the Constitution of the United States. Certainly the request for a postponement as denied does not raise a constitutional issue. This prisoner was screened and requested a single witness, namely a Sergeant Malone. Sergeant Malone provided a statement. The argument here with regard to some chain of custody is resolved by the Court of Appeals in this circuit in *Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000). It was basically up to the CAB when it had this petition before it to determine his credibility. He asserted, apparently not under oath, that he was not tested on November 21, 2004 and it was not is signature on the chain of custody form. Apparently he was not believed. In contradistinction they had the statement of Sergeant Malone.

The manner in which this specimen may have been handled perhaps is not ideal, but it certainly does not rise to a constitutional issue. The collateral review that is envisioned by

2

§ 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).

Certainly this petitioner is allowed to prove his innocence before the CAB. *See McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999). He did not do so. When it is all said and done, this petitioner fails to make a case under 28 U.S.C. §2254. Therefore, the petition is considered and **DENIED.  IT IS SO ORDERED**.

   **DATED:** September 7, 2005

                                    S/ ALLEN SHARP
**ALLEN SHARP, JUDGE
UNITED STATES DISTRICT COURT**